UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:11-CR-46-REW-HAI-2 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| KENDRA LYNN ELDRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court considers a request by Defendant Kendra Lynn Eldridge to modify a condition of her release. As a district judge, Judge Thapar entered a judgment against Defendant on August 28, 2012, upon a plea of guilty to conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846. D.E. 94. Defendant received a sentence of eighty-seven months of imprisonment followed by three years of supervised release. *Id*. at 2-3. On April 9, 2015, Judge Thapar reduced Defendant's term of imprisonment to seventy months. D.E. 112. Defendant began her initial term of supervision on August 24, 2016.

On April 30, 2019, Defendant's term of supervised release was revoked due to the use and resulting possession of methamphetamine. *See* D.E. 150. At that time, Defendant was sentenced to three months of imprisonment, with eighteen months of supervised release to follow, which included a one-month term of home detention. *Id*. Defendant began her term of supervision on July 15, 2019.

On June 19, 2020, the USPO submitted a Request for Modifying the Conditions or Term of Supervision With Consent of the Offender because Defendant admitted to using methamphetamine. D.E. 152. Defendant requested an increase in the frequency of required outpatient substance abuse treatment sessions. *Id*. The request sought to require Defendant to

participate in at least two outpatient substance abuse treatment sessions per week and submit to weekly drug testing for the remainder of the term of supervision. *Id*. Judge Wier approved the modification.[1] *Id*.

On November 17, 2020, Defendant's term of supervised release was revoked a second time due to her admitted use and possession of methamphetamine and cocaine. D.E. 172. She was sentenced to 6 months of imprisonment and 12 months of additional supervision. *Id*. Upon the undersigned's recommendation (D.E. 168), Judge Wier included a special condition that Defendant "must successfully complete an inpatient substance abuse treatment program immediately upon release, as directed by the probation officer." D.E. 172 at 5. Notably, that condition was requested by the defense during the most recent revocation hearing.

Defendant is scheduled to be released from BOP custody on March 2, 2021. During discussions with USPO Nick Jones concerning treatment placement, Defendant requested a status conference with the Court. The undersigned re-appointed CJA counsel (Hon. James Hodge), and conducted the status conference by video on February 19, 2021.

During the status conference, the defense requested that the mandatory inpatient treatment condition be modified to intensive outpatient treatment at the USPO's direction and discretion. In support, the defense contended that Defendant has a stable intended residence, strong family support, and a demanding job. Counsel argued her most recent violations were understandable slips following the death of her nephew, that Defendant understands the mistake she made, and that she is committed to staying clean this time. The government objected to the requested modification, stressing Defendant's pattern of violations and clear need to thoroughly address Defendant's repeated substance abuse.

---

[1] Defendant's case was transferred to Judge Wier on April 12, 2019. D.E. 139.

2

Defendant addressed the Court directly. She elaborated upon counsel's description and stressed that the business she has with her boyfriend detailing boats has barely stayed afloat during her incarceration and she needs to return to work and be a productive member of society. She needs to support her aging mother who lives nearby, wants to return to school to finish earning her degree, and emotionally contended that her family needs her now more than ever. Last week her ex-fiancé passed away and she is needed to help raise his children. She indicated she knows she needs counseling.

The Court has evaluated the entire record, including reviewing the materials Defendant submitted to obtain a reduction and the most recent revocation record. Reluctantly, the Court recommends the inpatient treatment condition be modified as requested by the defense.

Rule 32.1(c) and 18 U.S.C. § 3583(e)(2) allow a modification of conditions based upon the consideration of selected § 3552(a) factors. During the hearing, the Court addressed Defendant directly and very bluntly, stressing that, in its view, inpatient treatment is needed. During the most recent revocation proceedings, Defendant stated that the death of her nephew produced a "weak moment" and that she turned to drugs to "feel numb" and "escape." The Court stressed that she will certainly face similar struggles in the future and must learn to use as many tools as possible to overcome such weak moments. Defendant's statements to the Court reflected an outward perspective focusing upon the needs of others instead of prioritizing her own rehabilitation. To be clear, she recognizes that treatment is needed, but, in the Court's view, is not appropriately viewing inpatient treatment as an opportunity that is rarely provided given scarce public resources.

The Court did its best to convey to Defendant that lifting the inpatient treatment condition is, in its view, a mistake. Stressing the deadly and highly addictive nature of meth in the local community and the consequences of another violation, the Court was unable to persuade

Defendant that, if she is properly motivated and committed, inpatient treatment will provide her with the best available chance for lasting success in the future.  The unfortunate reality is that inpatient treatment should be provided to someone more willing to view it as an opportunity.

This is not to say that Defendant gets to pick and choose which conditions will apply.  The Court stressed the need for strict compliance going forward and emphasized another violation will result in a lengthy imprisonment term. In the end, Defendant was challenged to prove the Court wrong in its assessment that lifting the inpatient requirement is a mistake.  The Court also scheduled a March 16 status conference to assess Defendant's progress upon release.

Based on the factors discussed above, the Court **RECOMMENDS** that special condition 1 be modified by striking the first sentence of that condition, leaving the remaining language of that paragraph intact and placing substance abuse treatment within the discretion of the USPO. The USPO intends to require significant treatment.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Wier's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). **GIVEN THE EXIGENCIES DRIVEN BY THE COMBINATION OF THE EXISTING CONDITION OF IMMEDIATE INPATIENT TREATMENT UPON RELEASE AND THE IMPENDING MARCH 2, 2021 RELEASE DATE,** any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court **ON OR BEFORE FEBRUARY 24, 2021**.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District

4

Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981);

*Thomas v. Arn*, 106 S. Ct. 466 (1985).

      This the 22nd day of February, 2020.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge