UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:11-CR-46-REW |
| v. | ) ) | ORDER |
| KENDRA LYNN ELDRIDGE, | ) ) | |
| Defendant. | ) ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Kendra Lynn Eldridge's status conference regarding special conditions of release. *See* DE 173 (Order for Status Conference); DE 174 (Minutes). After conducting the hearing, Judge Ingram recommended that the undersigned modify the special conditions of release to omit the requirement to complete inpatient substance abuse treatment. DE 175 at 4. Judge Ingram informed Defendant of her right to object to the recommendation and expedited the objection period due to Eldridge's impending release date of March 2, 2021. *Id.* Defendant waived allocution. DE 176. The objection period has passed, and neither Eldridge nor the United States objected to the Recommendation. The United States did oppose the request at the hearing.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any

1

objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, agrees with Judge Ingram's well-reasoned Recommendation. The Court, noting and reiterating Judge Ingram's concerns, expects strict compliance with the prior conditions and USPO's specific treatment decisions or placements. Also, a defendant fighting against more intensive treatment will not later be heard to lament the need for treatment, if a violation occurs. Thus, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 175 and **GRANTS** Eldridge's oral motion; and
2. The Court **MODIFIES** special condition 1 (DE 172 at 5) by striking the first sentence, leaving the remaining language of that special condition intact and placing substance abuse treatment, as to particulars, within the discretion of the USPO.

This the 25th day of February, 2021.

Signed By:
Robert E. Wier
United States District Judge