UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:11-CR-46-REW-HAI-2 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| KENDRA LYNN ELDRIDGE, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

On referral from District Judge Wier (D.E. 181), the Court considers reported violations of supervised release conditions by Defendant Kendra Lynn Eldridge. As a district judge, Judge Thapar entered a judgment against Defendant on August 28, 2012, upon a plea of guilty to conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846. D.E. 94. Defendant received a sentence of eighty-seven months of imprisonment followed by three years of supervised release. *Id*. at 2-3. On April 9, 2015, Judge Thapar reduced Defendant's term of imprisonment to seventy months. D.E. 112. Defendant began her initial term of supervision on August 24, 2016.

On April 30, 2019, Defendant's term of supervised release was revoked due to the use and resulting possession of methamphetamine. *See* D.E. 150. At that time, Defendant was sentenced to three months of imprisonment, with eighteen months of supervised release to follow, which included a one-month term of home detention. *Id*. at 2-3. Defendant began her term of supervision on July 15, 2019.

On June 19, 2020, the USPO submitted a Request for Modifying the Conditions or Term of Supervision With Consent of the Offender because Defendant admitted to using methamphetamine. D.E. 152. Defendant requested to increase the frequency of required

outpatient substance abuse treatment sessions. *Id*. The Request sought to require Defendant to participate in at least two outpatient substance abuse treatment sessions per week and submit to weekly drug testing for the remainder of the term of supervision. *Id*. Judge Wier approved the modification.[1] *Id*.

On November 17, 2020, Defendant's term of supervised release was revoked due to the use and resulting possession of methamphetamine and cocaine. *See* D.E. 172. At that time, Defendant was sentenced to six months of imprisonment, with twelve months of supervised release to follow, which included the special condition that Defendant attend and successfully complete inpatient substance abuse treatment. *Id*. at 2-3; D.E. 171. On February 26, 2021, Judge Wier granted Defendant's motion to remove the special condition and placed any substance abuse treatment in the discretion of the USPO. D.E. 177. Defendant began her term of supervision on March 2, 2021.

I.

On March 23, 2021, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report alleges:

> On March 15, 2021, the defendant submitted a urine specimen which appeared to test positively for methamphetamine, via instant testing device. The defendant denied use of methamphetamine. The specimen was sent to Abbott for confirmation.

On March 16, 2021, after oral notification of the positive instant test, the Court conducted a status conference and ordered Defendant to report to the USPO for testing every week-day, and virtual visits on the weekends, until the written lab report on the March 15 specimen was received. D.E. 178. The positive lab results were received on March 23, which resulted in issuance of the Report. On April 2, 2021, the USPO issued an addendum to the Report. The addendum alleges that:

---

[1] Defendant's case was transferred to Judge Wier on April 12, 2019. D.E. 139.

On the dates noted below Eldridge submitted the following urine specimens for testing:

| Date of Test: | Result: |
|---|---|
| March 16, 2021 | Negative |
| March 17, 2021 | Positive-Methamphetamine |
| March 18, 2021 | Positive-Methamphetamine-Dilute |
| March 19, 2021 | Positive-Methamphetamine-Dilute |
| March 22, 2021 | Positive-Methamphetamine-Dilute |

It should also be noted the defendant denied the use of methamphetamine following each submission.

On April 12, 2021, Alere Toxicology Services Inc. issued a memorandum on the interpretation of the urinalysis testing referenced in the addendum, which concluded that:

> The offender used Methamphetamine prior to the collection on 3/15/21 and reused Methamphetamine prior to the collections on 3/17/21, 3/18/21, 3/19/21 and 3/22/21. I base this opinion on denial of use, the presence of D-methamphetamine in the specimen collected on 3/15/21, the negative results on 3/16/21, the increase in the normalized level of drug present in the urine specimens collected on 3/17/21, 3/18/21, 3/19/21 and 3/22/21 and the normal elimination pattern of methamphetamine from the urine.

The Report and addendum charge four violations stemming from this conduct. As Violations #1 and #3, the Report and addendum charge that Defendant violated Mandatory Condition #3, which requires her to "refrain from any unlawful use of a controlled substance." These are Grade C violations. As Violations #2 and #4, the Report and addendum charge that Defendant violated Mandatory Conditions #1 and #2, which required her to "not commit another federal, state, or local crime" and to "not unlawfully possess a controlled substance." Citing the Sixth Circuit's decision that use is equivalent to possession, Violations #2 and #4 are Grade B violations because Defendant's methamphetamine possession, on account of her prior drug conviction, constitutes a Class E felony under 21 U.S.C. § 844(a).

II.

The Court conducted an initial appearance on the Report pursuant to Rule 32.1 on March 25, 2021, by videoconference,[2] and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 183. At the initial appearance, the United States made an oral motion for interim detention, and Defendant did not argue for release. *Id*. The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon her under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id*.

On April 13, 2021, the Court conducted an initial appearance pursuant to Rule 32.1, on the addendum to the Report. D.E. 187. Defendant was advised of her rights, as well as the nature and circumstances of the addendum to the Report. *Id*.

At the final hearing on April 22, 2021, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 188. Defendant waived a formal hearing and stipulated to the violations in the Report and the addendum to the Report. *Id*. The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id*. The Court also found the stipulation to be consistent with the advice of counsel. *Id*.

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Defendant's stipulation permits the Court to find that she committed all four violations.

During the final hearing, the parties did not have an agreement on the appropriate sentence for Defendant's violations. The government recommended fourteen months of imprisonment with

---

[2] Pursuant to General Order 21-3, and the underlying General Orders referred to therein, Defendant consented to her initial appearance on the Report to be conducted by videoconference in light of the COVID-19 pandemic and social distancing guidelines.

no supervised release to follow. Defense counsel did not have a recommendation as to a term of imprisonment or supervision, but requested that substance abuse treatment be included in the sentence.

The government focused its argument on the nature and circumstances of the offense and the history and characteristics of Defendant. As to the underlying offense, the government noted that Defendant engaged in a conspiracy to distribute oxycodone. While the current revocation is due to the use of methamphetamine, the government argued that Defendant's current behavior is closely related to the underlying offense. The government also noted that Defendant's previous revocations and the modification to the terms of her release were due to methamphetamine use. The government stated that Defendant initially avoided any drug use and almost completed her first term of supervision prior to her first revocation. However, the government noted that the violations resulting in her second and third revocations occurred soon after her release from imprisonment.

As to the need for the sentence to deter criminal conduct and protect the public, the government argued that Defendant's conduct requires a sentence above the Guidelines Range. Moreover, the government stated that any term of imprisonment will protect Defendant from her addiction. As to the need for education, training, and treatment, the government admitted that Defendant needs substance abuse treatment to cope with her addiction, but that she refused treatment offered, and even required, to her in the past. Most recently, the government noted, Defendant requested that the Court remove the special condition that required her to complete inpatient substance abuse treatment, which was granted.

As to the need to avoid sentencing disparities, the government argued that a sentence four months above the Guidelines Range is warranted in light of the fact that this is Defendant's third

revocation. The government further argued that the current revocation is based on Defendant using methamphetamine twice, the second instance occurring while Defendant awaited the test results related to the first use.

Defense counsel stated that Defendant is an addict who overestimates her ability to overcome her addiction. Defense counsel noted that Defendant declined to join the government in its recommendation for no additional term of supervision. Rather, defense counsel noted that Defendant specifically asked for a sentence that includes long-term rehabilitation because she needs help in overcoming her addiction.

Defendant's mother, Marsha Eldridge, addressed the Court and stated that Defendant is an addict who has not been rehabilitated yet. Ms. Eldridge also stated that Defendant has great potential but needs counseling for her addiction and mental health. Ms. Eldridge noted that she researched long-term treatment facilities and was directed that Defendant may qualify for financial assistance.

Defendant admitted that she has prioritized others instead of herself. Defendant stated that she has suffered several losses of loved ones and needs help to learn coping mechanisms and how to overcome her addiction. Defendant also noted that July of this year marks ten years since she was indicted on the underlying offense and stated her desire to move past it. tted that she made a mistake that only hurt her family and herself further. Defendant stated that she was dishonest about the violations because she was ashamed and disappointed in herself. Defendant told the Court that she did not remember anything in particular from her first revocation proceedings. However, Defendant stated that, prior to the current violations, she was doing well and was proud of her employment and the solid support system that surrounded her. As to the prior violations that led to the modification of the conditions of her release, Defendant explained that she was

trying to help a friend who was sober at the time. However, that friend eventually brought drugs around Defendant, which led to the violations.

### III.

The Court has evaluated the entire record, including the Report and addendum, their accompanying documents, and Defendant's underlying judgment and sentencing materials. Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was originally convicted of conspiracy to distribute oxycodone, a class C felony. *See* 18 U.S.C. § 3559(a)(3), 21 U.S.C. § 841(b)(1)(C). For a class C felony, the maximum revocation sentence provided under § 3583 is twenty-four months of imprisonment. 18 U.S.C. § 3583(e)(3). Under § 3583(h) and § 841(b)(1)(C), there is no maximum term of supervised release that may be re-imposed.

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). The Guidelines also instruct that "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under Section 7B1.1, Defendant's admitted conduct in Violations #1 and #3 would qualify as Grade C violations. Her admitted conduct in Violations #2 and #4 would qualify as Grade B violations. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter Seven, is four to ten months. *See* U.S.S.G. § 7B1.4(a).

IV.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because she possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). However, even if revocation and imprisonment were not mandated by Congressional directive, revocation and imprisonment would be appropriate in this case. *See* U.S.S.G. § 7B1.3(a).

The Court first considers the nature and circumstances of Defendant's conviction. Defendant's conviction for conspiracy to distribute oxycodone is serious and poses a danger to the community and increases the need to protect the public from future crimes.

The Court must also consider whether a defendant needs any education, training, or treatment. Each of Defendant's revocations stem from methamphetamine use. Defendant has been given multiple opportunities to participate in substance abuse treatment. However, when participation in treatment was a condition of Defendant's most recent release, she insisted that she did not need treatment and would not use drugs again. Judge Wier's order removing the condition included that the Court expected Defendant's "strict compliance with the prior conditions and USPO's specific treatment decisions or placements." D.E. 177 at 2. Judge Wier's Order also warned that "a defendant fighting against more intensive treatment will not later be heard to lament the need for treatment, if a violation occurs." *Id.* Defendant has consistently resisted treatment

8

and was cautioned that future requests would be denied. The Court's resources are better focused elsewhere, and thus, further ordered treatment is not appropriate in this case.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into § 3583(e).

Defendant has breached the Court's trust by using methamphetamine multiples times while on supervision and lying about that use. Moreover, this is not the first breach of the Court's trust. Previously, the Court showed leniency and placed its trust in Defendant when her supervised release was not revoked despite methamphetamine use. The Court's trust was also breached by Defendant's previous revocations for methamphetamine use. The Court has placed high amounts of trust in Defendant to encourage good behavior and choices but to no avail. A term of incarceration is necessary to address these breaches of the Court's trust.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines Range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines Range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines Range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines Range be supported by a specific reason that justifies the extent of the deviation). A sentence of

twelve months is appropriate in this case. Defendant's original sentence was at the bottom of the Guidelines Range and her first revocation sentence was below the Range. Her second revocation sentence was near the bottom of the Range and would likely have included more prison time had inpatient treatment not been mandated following imprisonment. The Court's efforts were met with a stubborn refusal to participate in treatment, and then a very swift return to using meth multiple times under daily testing. Moreover, Defendant's violations have occurred more quickly each time she has been released. The repeated breaches of trust amply justify a sentence above the Guidelines Range. For the reasons stated above, the recommended penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's conviction under § 841(b)(1)(C) carries no maximum term of supervised release. In this case, no additional term of supervised release is recommended. Defendant has been given every opportunity to comply with the conditions of her supervised release and has repeatedly breached the trust instilled in her by the Court. The Court cannot justify continuing to expend the USPO's resources on an individual that refuses to comply with conditions. Treatment is certainly needed, but the Court does not expect Defendant's stubborn attitude to change so as to render treatment effective.

V.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

1. That Defendant be found guilty of all four violations;

2. Revocation and imprisonment for a term of twelve months; and

3. No term of supervised release to follow.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Wier's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 27th day of April, 2021.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge